STACEY E. JAMES, Bar No. 185651
sjames@littler.com
BRITTANY L. McCARTHY, Bar No. 285947
blmccarthy@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California  92101.3577
Telephone:  619.232.0441
Fax No.:     619.232.4302

Attorneys for Defendants
LF STAFFING SERVICES, INC. AND LABOR
FINDERS INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEODULFA LUIS,<br><br>        Plaintiff,<br><br>     v.<br><br>LF STAFFING SERVICES, INC. a Florida corporation doing business in California; LABOR FINDERS INTERNATIONAL, INC., an entity of unknown form doing business in California; and DOES 1 to 20, inclusive,<br><br>        Defendants. | Case No. __'22CV0909 DMS AGS__<br><br>[San Diego Superior Court Case No. 37-2022-0002284-CU-OE-CTL]<br><br>**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint filed:  January 19, 2022 |

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants LF STAFFING SERVICES, INC. and LABOR FINDERS INTERNATIONAL, INC. ("Defendants"), hereby remove the state action described herein, filed in the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446. A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of San Diego, and notice of the removal will be provided to counsel for Plaintiff in accordance with 28 U.S.C. section 1446(d). Defendants make the following allegations in support of their Notice of Removal:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of San Diego. Therefore, venue lies in the Southern District of California, pursuant to 28 U.S.C. §§ 84(d), 1441(a), and 1446(a).

## III. PLEADINGS, PROCESS, AND ORDERS

3. On January 19, 2022 Plaintiff TEODULFA LUIS ("Plaintiff") filed a complaint in the Superior Court for the County of San Diego entitled *TEODULFA LUIS, Plaintiff, v. LF STAFFING SERVICES, INC. a Florida corporation doing business in California; LABOR FINDERS INTERNATIONAL, INC., an entity of*

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

2

*unknown form doing business in California; and DOES 1 to 20, inclusive, Defendants,* Case No. *37-2022-0002284-CU-OE-CTL* (hereafter, "Complaint").  Declaration of Brittany McCarthy ("McCarthy Decl."), ¶ 2.

4. The Complaint alleges the following causes of action: (1) Discrimination Against Disability; (2) Failure to Prevent Discrimination; (3) Intentional Infliction of Emotional Distress; and (4) Unfair Business Practices.  The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5. On May 23, 2022, Defendant LF STAFFING SERVICES, INC. was served the Complaint through its registered agent for service of process.  Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the San Diego County Superior Court, and Proof of Service through the agent for service of process. McCarthy Decl., ¶ 2.

6. Attached hereto as **Exhibit B** are the remaining documents either served with the complaint or as reflected and downloaded from the San Diego County Superior Court website, including the along with copies of the Summons, a Civil Case Cover Sheet and addendum, Certificate of Counsel, ADR Information, and Notice of Case Assignment, and Case Management Conference, and Proofs of Service.  McCarthy Decl., ¶ 3.

7. On June 22, 2022, Defendant filed an Answer in the San Diego County Superior Court and served a copy of that Answer on Plaintiff's counsel of record. Attached hereto as **Exhibit C** is a true and correct copy of Defendant's Answer. McCarthy Decl., ¶ 4.

8. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the San Diego County Superior Court or served by any party other than as described above.  To Defendant's knowledge, no proceedings related hereto have been heard in San Diego County Superior Court.  McCarthy Decl., ¶ 5.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441,
AND 1446

3

## IV.    TIMELINESS OF REMOVAL

9.    An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

10.    Removal of this action is timely because this Notice of Removal has been filed within thirty days of May 23, 2022, when Defendant was served with the Summons and Complaint.  See 28 U.S.C. § 1446(b); Fed R. Civ. P. Rule 6(1)(c).  Because Plaintiff personally served the Summons and Complaint upon Defendant's agent for service of process on May 23, 2022, the thirty-day period for removal runs through June 22, 2022.  As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendants and reflected on the San Diego Superior Court's website.  (See Exhibits A-C.)

## V.    DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

11.    This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a).  Pursuant to 28 U.S.C. section 1441(a) and (b), the State Court Action may be removed to this Court by Defendants because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

### A.    Diversity of Citizenship

12.    Plaintiff is a Citizen of California.  Citizenship of a natural person is established by domicile.  A person's domicile is established by physical presence and an intent to remain indefinitely.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  Residence creates a presumption of one's domicile.  *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co.*

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

4

*v. Dyer*, 19 F.3d 514, 529 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile).

13.     Defendant is informed and believes Plaintiff resides in the State of California. *See* Ex. A, Complaint at ¶¶ 16, 18. Therefore, Plaintiff is a citizen of California.

14.     Defendant LF Staffing Services, Inc. is a Citizen of Florida. For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'  We believe that the 'never center' will typically be found at the corporation's headquarters." *Id.* at 80-81; *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

15.     LF Staffing Services, Inc. was, at the time of the filing of this action, and still is, a corporation organized under the laws of the State of Florida with its principal place of business of Palm Beach Gardens, Florida. Accordingly, LF Staffing Services, Inc. is a citizen of Florida.

16.     Defendant Labor Finders International, Inc. is a Citizen of Florida.  Labor Finders International, Inc. was, at the time of the filing of this action, and still is, a corporation organized under the laws of the State of Florida with its principal place of business of Palm Beach Gardens, Florida. Accordingly, Labor Finders International, Inc. is a citizen of Florida.

17.     No other party has been named or served as of the date of this removal. Because none of the Defendants is a citizen of the State of California, there is complete

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441,
AND 1446

5

diversity among the parties.

**B.     The Amount In Controversy Is Satisfied**

18.     The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Idemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Where a complaint does not seek a specific monetary amount in damages, Defendants only need to show by a preponderance of the evidence (that it is more probably than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 298, 403-04 (9th Cir. 1996). Likewise, where, as here, Plaintiff attempts to affirmatively allege an amount below the jurisdictional minimum but fails to specify a specific amount in controversy and fails to account for attorneys' fees, the preponderance standard applies. *Guglielmino v. McKee Foods Corp.* (9th Cir. 2007) 506 F.3d 696, 701 (plaintiff did "not take account of attorneys' fees, accounting of moneys, or payment of back taxes and benefits, the complaint fails to allege a sufficiently specific total amount in controversy … we therefore apply the preponderance of the evidence burden of proof to the removing defendant."). Further, the U.S. Supreme Court has held under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014). The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

19.     In measuring the amount in controversy, a court must assume the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in her complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the complaint, not what is actually owed if a plaintiff prevails. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441,
AND 1446

6

Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").

20. Here, as set more fully below, the Court can reasonably ascertain from the Complaint and Plaintiff's Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

21. In her Complaint, Plaintiff seeks economic damages in the form of loss of earnings and other employment. (Complaint, ¶¶ 34, 48, 61, 62, Prayer for Relief, ¶¶ 1-3) Plaintiff also seeks recovery of other general and special damages for, *inter alia,* "medical expenses," and "other economic damages," (Complaint, ¶¶ 35, Prayer for Relief, ¶ 2.) as well as "anxiety, worry, embarrassment, humiliation, mental anguish and emotional distress." (Complaint, ¶¶ 35, 47-48, 60, Prayer for Relief, ¶ 2.)

22. Defendants allege Plaintiff was denied employment in June of 2021. (Complaint, Ex. A, ¶ 18-20.) Defendants allege that Plaintiff was last employed in August of 2016 and at the time her employment concluded in 2016, Plaintiff worked an average of 20 hours per week. California's minimum wage in 2021 was $14.00/hour and in 2022 is $15.00/hour.

23. Although Defendants deny that Plaintiff is entitled to recover any damages, assuming, *arguendo*, that Plaintiff was awarded back wages for approximately 52 weeks (from June of 2021 through the likely date of trial at least one year from the date of filing this notice of removal), the amount of back pay in controversy in this case would total at least approximately **$30,680.00** ($7,280 [26 weeks of 2021 at 20 hours per week at $14.00/hour] + $7,800 [26 weeks of 2022 at 20 hours per week at

---

[1] The alleged damages calculations contained herein are based upon the allegations in the Complaint, and are for purposes of removal only. Defendants expressly denies that Plaintiff is entitled to any relief whatsoever. Defendants expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441,
AND 1446

$15.00/hour] + $15,600 [52 weeks from removal to trial at 20 hours per week at $15.00/hour]).

24.     Plaintiff is also seeking future damages or front pay.  See Prayer for Relief, ¶ 1.  Such awards in California often span several years.  *See Smith v. Brown-Forman Distillers Corp*., 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus*. (1976) 55 Cal. App. 3d 91, 97-100 (four years); *Drzewiecki v. H & R Block, Inc*. (1972) 24 Cal. App. 3d 695, 705 (ten years).  Even conservatively estimating that Plaintiff seeks front pay damages for only two years, and would not have received a pay increase, the amount of future wages in controversy in this case would total at least an additional **$31,200.00** ($15.00/hour x 20 hours/week x 104 weeks).  Thus, it may reasonably be estimated that Plaintiff's claims involve possible back pay and front pay damages of $61,880.00 ($30,680 + $31,200).

25.     However, Plaintiff also seeks recovery of general and special damages for "anxiety, worry, embarrassment, humiliation, mental anguish and emotional distress." (Complaint, ¶¶ 35, 47-48, 60,  Prayer for Relief, ¶ 2.)  These claims further augment her claim for past and future lost wages.  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co*., 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial" and moreover, that emotional distress damages "may be considered when calculating the amount in controversy even where not clearly pled in the complaint").  Moreover, under the law, there is no precise measure of damages for emotional distress.  California Practice Guide: Employment Litigation, § 17:350, Rutter

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

Group (2022).  Nonetheless, a plaintiff is entitled to "a reasonable amount" to compensate for "'suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame'" that plaintiff has suffered and is "'reasonably certain to suffer'" in the future.[2]  *Id*.; *see also* Cal. Civ. Code § 3283.  The question a jury would be asked to determine in this case upon a finding of liability is: what is a "reasonable amount" to compensate for Plaintiff's emotional distress.  For purposes of jurisdiction, the question simply is how much in emotional distress damages has Plaintiff placed in controversy.

26.    Here, based on the allegations in Plaintiff's complaint, the Court can reasonably ascertain that the emotional distress component of Plaintiff's claims could add at least $25,000 to the amount in controversy, if not more.  Specifically, in *Kroske v. U.S. Bank Corp*., 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established.  In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to his claim" where she had $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id*. at 980; *see also Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

27.    Jury verdicts in cases FEHA discrimination cases demonstrate that $25,000 is likely a conservative estimate for the emotional distress component of Plaintiff's amount in controversy.  For example, in *Kimberly Williams v. Union Pacific Railroad Company*, RG06251955, 2009 Jury Verdicts LEXIS 418175, the plaintiff

---

[2] While there is no clearly established definition of "reasonable certainty," evidence of future detriment has been held sufficient based on expert medical opinion which considered the plaintiff's particular circumstances and the expert's experience with similar cases." *Bihun v. AT&T Info. Servs., Inc.*, 13 Cal. App. 4th 976, 995 (1993), *overruled on other grounds*.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

alleged race discrimination and retaliation for filing an internal complaint. The Superior Court of Alameda County jury awarded $70,000 in emotional distress damages. In *Randall Radford v. BAE Systems San Francisco Ship Repair, Inc., et al.*, No. CGC 09 488061 (Jan. 10, 2011), the plaintiff brought causes of action for race discrimination and wrongful termination on the basis that his supervisor referred to an employee as "Aunt Jemima" and "fat black girl" and that he was retaliated against for raising complaints about these incidents. The Superior Court of San Francisco jury awarded $360,000 in emotional distress damages and $60,000 in lost earnings. In *Chiu v. CGI-AMS (US), LLC*, 2006 WL 1687705 (Cal. Super. Ct. Feb. 27, 2006), the jury awarded $360,000 in emotional distress damages where plaintiff alleged that she was wrongfully terminated because of her race for complaining about non-payment of wages.

28. Accordingly, using a conservative estimate, Plaintiff's alleged emotional distress damages contributes at least **$25,000.00** to the amount in controversy.

29. Plaintiff also seeks punitive damages. (Complaint, ¶¶ 38, 51, 66, Prayer for Relief, ¶ 4.) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefits Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Simmons*, 209 F. Supp. 2d at 1033 (jury verdicts in other "cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334.

30.    Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on her punitive damages claim, such claim alone could exceed the jurisdictional minimum. In *Aucina v. Amoco Oil, Co*., 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum.  Id. at 334. Jury verdicts in cases involving FEHA claims demonstrate that Plaintiff's punitive damages claim alone could likely exceed the jurisdictional minimum.  For example, in *Randall Radford v. BAE Systems San Francisco Ship Repair, Inc., supra*, the jury awarded $420,000 in punitive damages.  In *Idris v. Advanced-Tech Security Services*, 2012 WL 696485 (Cal. Super. Jan. 20, 2012), the San Francisco jury awarded $400,000 in punitive damages where plaintiff alleged that his supervisor said he looked "too black" and that defendant initially refused to pay him his vacation pay because of his complaints.

31.    Here, assuming Plaintiff were to recover punitive damages in an amount equal to her alleged compensatory damages, Plaintiff would recover at least **$86,880.00** the approximate equivalent of her alleged economic damages($61,880 in front/back pay and  $25,000 emotional distress) for the alleged punitive damages.

32.    Finally, Plaintiff seeks recovery for attorneys' fees and costs.  (Complaint ¶¶ 37, 49, 50, Prayer for Relief, ¶ 5.)  It is well settled that when authorized by statute,

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

11

attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady*, 243 F. Supp. 2d at 1010-11 (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Even just considering Plaintiff's FEHA claims, the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov't Code §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons*, 209 F. Supp. 2d at 1034.

33. Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Simmons*, 209 F. Supp. 2d at 1033. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 609-14 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice, 26 Cal. 4th 572* (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). In California, it is not uncommon for an attorneys' fee award to exceed $75,000 alone. Despite Plaintiff's attempt to avoid removal by alleging that economic damages are "less than $75,000 in the aggregate" (*see* Prayer), Plaintiff fails to consider or include attorneys fees which are properly considered when awardable by statute.

34. Conservatively estimating attorneys' fees at the rate of $400/hour, and using a conservative estimate of 150 hours, this add at least an additional **$60,000.00** to

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441,
AND 1446

12

the amount in controversy.[3]

35.     Plaintiff also seeks such open-ended relief "any additional, further relief as the Court deems proper." (Complaint, Prayer for Relief ¶ 8.)  Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

36.     In sum, although Defendants do not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs:

| | |
|---|---|
| Back Pay | $30,680 |
| Front Pay | $31,200 |
| Emotional Distress | $25,000.00 |
| Punitive Damages | $86,880.00 |
| Attorneys' Fees | $60,000.00 |
| **Amount in Controversy** | **$211,260.00** |

 Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

**VI.     NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT**

37.     Following the filing of this Notice of Removal in the United States District

[3] Thus, even assuming the allegations of Plaintiff's prayer are accurate and that Plaintiff's recoverable economic, emotional and punitive damages are "less than $75,000 in the aggregate," attorneys fees added to any recover likewise satisfy the jurisdictional minimum.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

13

Court for the Southern District of California, written notice of such filing will be provided to Plaintiff's counsel of record Jorge Reyes, Esq., Reyes & Associates, P.C., 3219 E. Foothill Blvd., Pasadena, CA 91101. McCarthy Decl. ¶ 6. A copy of this Notice of Removal will also be filed with the Clerk of the Superior Court of the County of Riverside. (*Id.*)

WHEREFORE, having provided notice as required by law, the above-entitled action should hereby be removed from the Superior Court of the County of San Diego to this Court.

Dated:   June 22, 2022

LITTLER MENDELSON, P.C.

*/s/ Brittany L. McCarthy*
Stacey E. James
Brittany L. McCarthy

Attorneys for Defendants
LF STAFFING SERVICES, INC. AND LABOR FINDERS INTERNATIONAL, INC.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

14