# EXHIBIT  A

1

# CORPORATE CREATIONS®
Registered Agent · Director · Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

LF Staffing Services, Inc.
Jeffrey S. Burnett President
Labor Finders International, Inc.
11426 North Jog Road
Palm Beach Gardens FL 33418

05/24/2022

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2022-2

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:** | LF Staffing Services, Inc. |
|---|---|---|
| 2. | **Title of Action:** | Teodulfa Luis vs. LF Staffing Services, Inc., et al. |
| 3. | **Document(s) Served:** | Summons<br>Additional Parties Attachment<br>Complaint for Damages<br>Notice of Case Assignment and Case Management Conference |
| 4. | **Court/Agency:** | San Diego - Central District Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 27-2022-0000-2284-CU-OE-CTL |
| 7. | **Case Type:** | Discrimination for Physical Disability in Violation of Cal. Gov. Code &12940(a) |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Monday 05/23/2022 |
| 10. | **Date to Client:** | Tuesday 05/24/2022 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Wednesday 06/22/2022 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Reyes & Associates, P.C.<br>Pasadena, CA<br>213-383-6244 |
| 13. | **Shipped To Client By:** | Regular Mail and Email with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Please note there are other Due Dates listed in the document.<br>Also Attached: * Notice of E-filing Requirements and Imaged Documents; etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LF STAFFING SERVICES, INC., a Florida corporation doing business in California
(additional parties attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TEODULFA LUIS, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Supreme Court of California,<br>San Diego County; 330 West Broadway, Central District -Hall of Justice<br>San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):*<br>37-2022-0000-2284-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jorge H. Reyes; 3219 East Foothill Boulevard, Pasadena, CA 91107

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: LF STAFFING SERVICES, INC., A FLORIDA CORPA doing BUSINESS IN CALIFORNIA
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

3

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| TEODULFA LUIS v. LF STAFFING SERVICES, INC.; et al. | 37-2022-0000-2284-CU-OE-CTL |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

LABOR FINDERS INTERNATIONAL, INC., an entity of unknown form, doing business in California; and DOES 1 to 10, inclusive;

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

4

**REYES & ASSOCIATES, P.C.**
Jorge H. Reyes [SBN 232350]
jhreyes@reyeslawpc.com
3219 E. Foothill Blvd.
Pasadena, California 91101
Telephone: (213) 383-6244
Facsimile: (213) 383-6243

Attorneys for Plaintiff,
Teodulfa Luis

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**01/19/2022** at 08:58:01 PM
Clerk of the Superior Court
By Regina Chanez, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT, HALL OF JUSTICE

| | |
|---|---|
| TEODULFA LUIS,<br><br>Plaintiff,<br><br>vs.<br><br>LF STAFFING SERVICES, INC., a Florida corporation doing business in California; LABOR FINDERS INTERNATIONAL, INC., an entity of unknown form doing business in California; and DOES 1 to 20, inclusive;<br><br>Defendants. | Case No.: 37-2022-00002284-CU-OE-CTL<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. Discrimination Against Disability<br>2. Failure to Prevent Discrimination<br>3. Intentional Infliction of Emotional Distress;<br>4. Unfair Business Practices<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TEODULFA LUIS, hereby states and alleges as follows:

## PARTIES

1. At all times relevant herein, Plaintiff TEODULFA LUIS (hereinafter referred to as "Plaintiff") applied for employment by one of more of the Defendants named herein.

2. Plaintiff previously was employed by and worked for one of more of the Defendants named herein, including, but not limited to, LF STAFFING SERVICES, INC., and/or LABOR

COMPLAINT FOR DAMAGES
1

FINDERS INTERNATIONAL, INC., (hereinafter referred to collectively as "Defendants".

3. At all times relevant herein, Defendant LF STAFFING SERVICES, INC.,was and is a Florida corporation doing business in the State of California, County of San Diego.

4. At all times relevant herein, Defendant LABOR FINDERS INTERNATIONAL, INC., was an entity of unknown form doing business in California.

5. Plaintiff is informed and believes, and therefore alleges, that there is/are individual(s) who are and/or was a "managing and/or supervisory agent" of one or all of the non-individual Defendants, and of each of them, as the term was defined by the California Supreme Court in *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant(s) named herein as Does 1 through 20, Inclusive, and each of them, are unknown to Plaintiff, who therefore brings this action against said Defendants by their fictitious names pursuant to *Cal. Code Civ. Pro.* § 474.

7. Plaintiff therefore seeks leave to amend this Complaint to include the true names and capacities of said DOE Defendant(s) in the event that identification of such DOE parties is ascertained.

## JURISDICTION AND VENUE

8. The above-captioned Court has jurisdiction over the subject matter of this action, which is proper and authoritative pursuant to *Cal. Gov. Code* § 12920.

9. Venue in this Court is based upon *Cal. Gov. Code* § 12920, insofar as a substantial part of the events giving rise to Plaintiff's claims arose in the County of San Diego, State of California.

---

COMPLAINT FOR DAMAGES
2

10. Defendants' place of business is located in the County of San Diego, State of California.

## FACTUAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

12. Plaintiff is informed and believes, and therefore alleges that the non-individual Defendants, and each of them, are "employers" as defined by *Cal. Gov. Code* §§ 12926(d), 12940(a), 12940(h) & 12940(j)(4)(A) and that the non-individual Defendants and DOES 1 through 20 are single "employers," and there is an interrelation of operations, common management, centralized control of labor relations, common personnel policies, and/or common ownership or financial control, and as such, are jointly and severally liable for the wrongful acts alleged herein.

13. The Defendants are staffing services, providing labor workforce for various industries throughout the United States, including California.

14. At all times alleged herein, Defendants employed more than five individuals to work at their San Diego facilities.

15. At all times alleged herein, the Defendants employed more than five individuals to work through its San Diego, California offices.

16. Around 2013, Plaintiff was hired by Defendants to perform work for them at their San Diego facilities and locations, in San Diego, California.

17. On or about August 10, 2018, Plaintiff filed a claim against Defendants for wrongful termination and various other *Labor Code* violations.

18. On June 28, 2021, Plaintiff returned to Defendant Labor Finders seeking employment, and

**COMPLAINT FOR DAMAGES**
3

was then told by management that she could not be allowed be hired due to her previous wrongful termination claim.

19. On July 6, 2021 Plaintiff returned to Defendant Labor Finders and completed an application for employment, and was again told by management that counsel to Defendant Labor Finders informed management that Plaintiff would not be allowed to apply for and/or be hired, due to her previous claim.

20. On July 26, 2021, Plaintiff followed up with Defendant Labor Finders and was told by management, that, though there were job opportunities at Defendant Labor Finders, Plaintiff would not be considered for any jobs as a result of her previous lawsuit, and now, Defendant Labor Finders do not return Plaintiff's calls for employment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Plaintiff re-alleges and incorporates by reference each of the above paragraphs as alleged herein.

22. Plaintiff has discharged all necessary administrative remedies and this matter is ripe for adjudication before this Court.

23. Plaintiff timely filed charges with the DFEH, naming the above Defendants, and each of them, as respondents. Plaintiff has received notice of his Right to Sue Defendants, and each of them, in the California Superior Court, pursuant to *California Government Code* §12965(b).

24. Plaintiff further filed this action within one year of the date of the DFEH Right to Sue Letter.

25. At all times relevant to the allegations set forth herein, the California Fair Employment and

COMPLAINT FOR DAMAGES
4

Housing Act ("FEHA"), codified as *Cal. Gov. Code* § 12940, was and is in full force and effect and binding on all non-individual Defendants, and each of them.

## FIRST CAUSE OF ACTION

**Discrimination Based on Physical Disability in Violation of *Cal. Gov. Code* § 12940(a)**

**(Against All Non-Individual Defendants)**

26. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

27. FEHA makes it unlawful for an employer to discriminate and/or harass any applicant on the basis of a physical or mental disability, any physical or mental condition, and/or, among other protected categories, an employee's age.

28. An employer must initiate the process if the disability is known or apparent. "An employer who knows of the disability "has an *affirmative duty* to make known to the employee other suitable job opportunities with the employer and to determine whether the employee is interested in, and qualified for, those positions, if the employer can do so without undue hardship or if the employer offers similar assistance or benefit to other disabled or nondisabled employees or has a policy of offering such assistance or benefit to any other employees." *Prilliman v. United Air Lines, Inc.* (1997) 53 Cal. App. 4th 935.

29. Plaintiff alleges that defendants failed to hire Plaintiff and she was discriminated based on her disability and/or perceived disability.

30. Plaintiff suffered from medical conditions that amounted to a disability under FEHA, during the course and scope of her previous employment with Defendants, and each of

---

**COMPLAINT FOR DAMAGES**

5

them.

31. Plaintiff repeatedly informed and were aware Defendants, and each of them, that she sustained work-related injuries, that amounted to a statutorily protected disability and/or medical conditions.

32. Plaintiff is informed and believes, and therefore alleges, that Defendant's failure to hire Plaintiff was due to her injuries, disability and/or medical conditions or perceived injuries, disability and/or medical conditions.

33. As a proximate result of Defendants, and each of their, willful, knowing, and intentional discrimination based on Plaintiff's physical disabilities and/or medical conditions, Plaintiff has sustained and continues to sustain substantial losses, including, but not limited to, losses in earnings and other employment benefits, the intangible loss of employment-related opportunities for growth in Plaintiff's field, and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial.

34. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code* §§ 3287 and 3288, and/or any other provision of law providing for prejudgment interest.

35. As a proximate result of Defendants, and each of their, willful, knowing, and intentional discrimination based on Plaintiff's physical disabilities and/or medical conditions, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and has incurred and will likely incur, medical expenses as a result.

36. Plaintiff is informed and believes, therefore alleges, that she will continue to experience the above-referenced emotional pain and suffering for some period in the future Plaintiff

**COMPLAINT FOR DAMAGES**

6

cannot presently ascertain, all in an amount subject to proof at the time of trial.

37. As a proximate result of Defendants, and each of their, willful, knowing, and intentional discrimination based on Plaintiff's physical disabilities and/or medical conditions, Plaintiff has been compelled to hire attorneys to prosecute the claims herein, and has incurred and will continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover such attorneys' fees and costs under *California Government Code* § 12965(b), and other provisions of law providing for attorneys' fees and costs.

38. The acts taken toward Plaintiff were carried out by and/or ratified by Defendants, and each of them, and/or managing agent employees of Defendants, and each of them, acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to Plaintiff of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## SECOND CAUSE OF ACTION

**Failure to Prevent Discrimination in Violation of *Cal. Gov. Code* § 12940(k)**

**(Against All Non-Individual Defendants)**

39. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

40. Pursuant to *Cal. Gov. Code* § 12940(k), an employer is required "to take all reasonable steps necessary to prevent discrimination… from occurring." *Cal. Gov. Code* § 12940(k).

41. In perpetrating the actions and omissions set forth herein, Defendants, and each of them, violated *Cal. Gov. Code* § 12940(k) these provisions by failing to take all reasonable steps

**COMPLAINT FOR DAMAGES**

7

11

necessary to prevent such discrimination based on a physical disability and/or medical condition from occurring.

42. In violation of *Cal. Gov. Code* § 12940(k), these actions and omissions include, but are not limited to, the employer or employment agency failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

43. Plaintiff is informed and believes, and therefore alleges, that Defendants failed to prevent discrimination in hiring as Defendants' failure to hire Plaintiff was due to her injuries, disability and/or medical conditions or perceived injuries, disability and/or medical conditions.

44. Defendants failed to take all reasonable steps to prevent discrimination based on protected classes, such as an applicant's disability, and such discrimination was condoned, encouraged, tolerated, sanctioned, and ratified by Defendants.

45. During the entire relevant period, Defendant failed to provide any training, education, or instruction, or provided inadequate training, education, or instruction, to their personnel or, more importantly, to Defendant's management and supervisory personnel, with regard to policies and procedures regarding discrimination on the basis of physical disability and/or medical condition.

46. During the entire relevant period, Defendants failed to take reasonable steps to prevent disability discrimination from being inflicted against Plaintiff, despite such discrimination being a substantial motivating factor contributing to the rejection of Plaintiff's employment application.

47. As a proximate result of Defendants' willful, knowing, and/or intentional failure to take reasonable steps to prevent applicants seeking employment from being subjected to

COMPLAINT FOR DAMAGES

8

improper and unlawful discrimination, particularly discrimination on the basis of a disability and/or medical condition, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and has incurred and will likely incur medical expenses as a result.

48. Plaintiff is informed and believes, therefore alleges, that Plaintiff will continue to experience the above-referenced emotional pain and suffering for some period in the future Plaintiff cannot presently ascertain, all in an amount subject to proof at the time of trial.

49. As a proximate result of Defendants willful, knowing, and/or intentional failure to take reasonable steps to prevent its employment applicants from being subjected to improper and unlawful discrimination, particularly discrimination on the basis of disability and/or medical conditions and/or age, as well as, a failing to provide reasonable accommodations to injured and disabled applicants, and a failing to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, Plaintiff has been compelled to hire attorneys to prosecute the claims herein, and has incurred and will continue to incur attorneys' fees and costs in connection therewith.

50. Plaintiff is entitled to recover such attorneys' fees and costs under *California Government Code* § 12965(b), or any other provision of law providing for attorneys' fees and costs.

51. The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

**COMPLAINT FOR DAMAGES**
**9**

### THIRD CAUSE of ACTION

### Intentional Infliction of Emotional Distress

### (Against All Defendants)

52. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

53. Pursuant to *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991), Plaintiff is entitled to recover for the intentional infliction of emotional distress where, "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

54. As more fully alleged herein, Plaintiff was subjected to repeated acts of harassment by Defendants and each of them, in retaliation against Plaintiff for her protected activity of filing a claim against Defendants, and each of them, for wrongful termination due to disability and/or medical condition.

55. Defendants, and each of their extreme and outrageous conduct, as alleged herein and incorporated by reference, is imputed onto Defendants, and each of them, because Defendant Nava was a managing/supervising agent of Defendant 's facility.

56. Defendant Nava harassed and discriminated against Plaintiff based on Plaintiff's disability and/or medical conditions, and in retaliation against Plaintiff for her protected activity of filing a claim against Defendants, and each of them, for wrongful termination.

57. Defendants ratified these violations when they terminated Plaintiff, in violation of *Labor Code* § 1102.5.

---

**COMPLAINT FOR DAMAGES**
**10**

58. As a proximate result of Defendants' conduct, Plaintiff suffers from severe emotional distress including embarrassment, humiliation, disappointment anxiety, and anger, all to Plaintiff's damage in an amount subject to proof at the time of trial, and which is within the jurisdiction of this court.

59. Defendants' acts and omissions, as set forth herein above, were extreme and outrageous and were undertaken in a despicable, oppressive, fraudulent, deliberate, egregious and inexcusable manner, with malice and oppression as defined by *California Civil Code* § 3294.

60. In committing the outrageous acts and omissions described herein above, Defendants, and each of them, knew or should have known that their conduct would result in Plaintiff's severe emotional distress, and Defendants' acts and omission were perpetrated with the intent to inflict and/or with reckless disregard for the probability of inflicting humiliation, mental anguish and severe emotional distress on Plaintiff.

61. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitations loss of income and benefits, and the intangible loss of employment-related opportunities, medical benefits and other benefits including retirement, all in an amount subject to proof at the time of trial.

62. Plaintiff claims such amounts as damages together with prejudgment interest.

63. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment humiliation, mental anguish, and emotional distress.

**COMPLAINT FOR DAMAGES**
**11**

64. Plaintiff has experienced, among other things, mental anguish, psychological pain and suffering, and related items such as humiliation, embarrassment, nervousness, sleeplessness, irritability, agitation, annoyance, fear, anger, anxiety, frustration, hopelessness, despair, depression, difficulty with concentration.

65. Plaintiff is informed and believes and thereon alleges that she will continue to experience said pain and emotional suffering for some period in the future Plaintiff cannot presently ascertain, all in an amount subject to proof at the time of trial.

66. The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to Plaintiff of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## FOURTH CAUSE OF ACTION

### Violations of *Cal. Bus. & Prof. Code* § 17200

### (Against All Non-Individual Defendants)

67. The Unfair Competition Law ("UCL"), codified under *California Business and Professions Code* § 17200 *et seq.* prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent *or* deceptive business act *or* practice as well as "unfair, deceptive, untrue or misleading advertising."

68. By virtue of the direct injuries that Plaintiff sustained from Defendants' wrongful conduct, Plaintiff has standing to sue in order to obtain the remedies that are available to her under the UCL.

COMPLAINT FOR DAMAGES
12

69. The UCL authorizes injunctive relief to prevent unlawful, unfair, or fraudulent business acts for practices, and both restitution and disgorgement of money or property wrongfully obtained by means of such unfair competition. *Bus. & Prof. Code* § 17203.

70. An action may be brought under the UCL by any person, corporation or association, or by any person action for the interests of itself, its members, or the general public. *Bus. & Prof. Code* § 17204.

71. A plaintiff may bring § 17200 claim even when the underlying statutory violation does not provide the plaintiff with a private right of action. *See Manser v. Serra Foothills Public Utility Dist.* (E.D. Cal. 2008) 2008 WL 5114619, at * 7; *Kasky v. Nike, Inc.* (2002) 27 Cal. App. 4th 832, 839.

72. As set forth herein, Defendants engaged in a pattern of unfair and unlawful business practices with respect to Plaintiff's application for employment, in violation of *Bus. & Prof. Code* § 17200.

**UNFAIR PRONG**

73. Defendants violated the "unfair prong" of *Cal. Bus. & Prof. Code* § 17200 by engaging in the following, wrongful, improper, and unfair conduct:

   a. Defendants unfairly discriminated against Plaintiff *because* of Plaintiff's disability and/or medical conditions;

   b. Defendants unfairly failed to hire against Plaintiff *because* of Plaintiff's disability and/or medical conditions;

   c. Defendants unfairly discriminated and/or retaliated against Plaintiff, in violation of Labor Code §232, *because* Plaintiff hired an attorney related to the terms and/or conditions of employment;

---

**COMPLAINT FOR DAMAGES**
13

    d. Defendants unfairly failed to hire against Plaintiff *because* of Plaintiff's disability and/or medical conditions;

    e. Defendants unfairly failed to engage in the interactive process against Plaintiff *because* of Plaintiff's disability and/or medical conditions;

    f. Defendants unfairly retaliated against Plaintiff *because* she exercised her right to complain about her wrongful termination due to disability and/or medical conditions.

74. Defendant's conduct also violated the "unfair" prong of the UCL because the utility of Defendant's actions and/or omissions was significantly outweighed by the gravity of the harm that it imposed on applicants.

75. Further, the public is led to believe that Defendants provide a fair, safe, and legally sufficient work environment for their employees and comply with the *California Labor Code* and, despite the fact that both of these impressions are false.

76. Defendant's pattern of wrongful, improper, and unlawful business practices are injurious to Defendant's employees and consumers alike.

**UNLAWFUL PRONG**

77. "Unlawful" conduct under *Bus. & Prof. Code* § 17200 is any practice forbidden by law, whether civil or criminal, federal or state, or municipal, statutory, regulatory, or court made. *See Farmers Ins. Exchange v. Super. Ct.* (1992) 2. Cal.4th 377,383.

78. By proscribing 'any unlawful' business practice, § 17200 'borrows' violations of other laws and treats them as unlawful practices that the UCL makes independently actionable. *See Blanks v. Shaw* (2009) 171 Cal. App. 4th 336, 363-64; *Schnall v. Hertz Corp.* (2000) 78 Cal. App. 4th 1144, 1153.

79. It is well established that violations of California's Fair Employment and Housing Act can

---

serve as the underlying "unlawful" activities to support a cause of action under *Cal. Bus. & Prof. Code* § 17200. *See, e.g., Alch v. Super. Ct.* (2004) 122 Cal. App. 4th 339,401; *Herr v. Nestle U.S.A., Inc.* (2003) 109 Cal. App. 4th 779,789.

80. Under FEHA "an employer who knows of the disability of an applicant employee has an affirmative duty to make known to the employee other suitable job opportunities with the employer and to determine whether the employee is interested in, and qualified for those positions, if the employer can do so without undue hardship. . . ." *Prilliman v. United Air Lines, Inc.* (1997) 53 Cal. App. 4th 935, 950-51.

81. Defendants violated the "unlawful" prong of *Cal. Bus. & Prof. Code* § 17200 as follows:

    a.  Violations of *Cal. Gov. Code* § 12940(a);

    b.  Violations of *Cal. Gov. Code* § 12940(k);

    c.  Violations of *Cal. Gov. Code* § 12940(h)

    d.  Violations of *Cal. Gov. Code* § 12940(j);

    e.  Violations of Labor Code §232; and

    f.  Violations of the Constitution of the State of California;

82. The violation of these laws serve as unlawful predicate acts which have resulted in injury in fact and loss of money and property to Plaintiff for purposes of *Business and Professions Code* §§17200 *et seq.*

83. To the extent that Defendants received greater profits from their business or money from their operations than they otherwise would have had, had they complied with California and United States labor laws, Defendants must disgorge all such profits and money in order to compensate Plaintiff.

---

**COMPLAINT FOR DAMAGES**
15

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### Against All Defendants Jointly and Severally

1. All actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, together with prejudgment interest, in an amount not to exceed $75,000.00, in the aggregate;

2. Compensatory and general damages, including, but not limited to, pain and suffering and compensatory emotional distress, in an amount not to exceed $75,000.00;

3. Statutory damages according to proof;

4. Punitive damages, in an amount not to exceed $75,000.00;

5. Reasonable attorneys' fees and costs according to proof;

6. Prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

7. Costs and fees incurred as a result of the above-captioned action; and

8. Any additional, further relief as the Court deems proper.

Dated: January 19, 2022

REYES & ASSOCIATES, P.C.

Jorge H. Reyes
Attorney for Plaintiff
Teodulfa Luis

///

**COMPLAINT FOR DAMAGES**
16

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: January 19, 2022

REYES & ASSOCIATES, P.C.

Jorge H. Reyes
Attorney for Plaintiff
Teodulfa Luis

COMPLAINT FOR DAMAGES

17

# EXHIBIT  B

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7065 |

PLAINTIFF(S) / PETITIONER(S):     Teodulfa Luis

DEFENDANT(S) / RESPONDENT(S):  Labor Finders International Inc et.al.

LUIS VS LF STAFFING SERVICES INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00002284-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Ronald F. Frazier                                                     Department: C-65

## COMPLAINT/PETITION FILED: 01/19/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/24/2022 | 11:15 am | C-65 | Ronald F. Frazier |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Teodulfa Luis |
|---|
| DEFENDANT(S): Labor Finders International Inc et.al. |
| SHORT TITLE: LUIS VS LF STAFFING SERVICES INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2022-00002284-CU-OE-CTL |
|---|---|

Judge: Ronald F. Frazier                                              Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                            Name of Defendant

_____          _____
Signature                                    Signature

_____          _____
Name of Plaintiff's Attorney                 Name of Defendant's Attorney

_____          _____
Signature                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 01/20/2022                            _____
                                             JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION              Page: 1



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2022-00002284-CU-OE-CTL    CASE TITLE: LUIS vs LF STAFFING SERVICES INC [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

---

SDSC CIV-730 (Rev 12-10)    **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**    Page: 1

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Jorge H. Reyes; SBN 232350; 3219 East Foothill Boulevard, Pasadena, CA 91107

TELEPHONE NO.: (213) 383-6244        FAX NO. *(Optional):*

E-MAIL ADDRESS: lhreyes@reyeslawpc.com

ATTORNEY FOR *(Name):* Plaintiff, Teodulfa Luis

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 WEST BROADWAY

MAILING ADDRESS: 330 WEST BROADWAY

CITY AND ZIP CODE: San Diego 92101

BRANCH NAME: San Diego Central DISTRICT, HALL of JUSTICE

| FOR COURT USE ONLY |
| --- |
| **ELECTRONICALLY FILED** Superior Court of California, County of San Diego **01/19/2022** at 06:56:01 PM Clerk of the Superior Court By Regina Chanez, Deputy Clerk |

**CASE NAME:**

TEODULFA LUIS v. LF STAFFING SERVICES, INC;

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:** |
| --- | --- | --- |
| [x] **Unlimited** [ ] **Limited** (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2022-00002284-CU-OE-CTL |
| | | **JUDGE:** Judge Ronald F. Frazier **DEPT.:** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of Judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* FOUR
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 19, 2022

Jorge H. Reyes

_____          _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in Item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties In Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties In Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: TEODULFA LUIS v. LF STAFFING SERVICES, INC; et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

30

SHORT TITLE: TEODULFA LUIS v. LF STAFFING SERVICES, INC; et al.

CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach –Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

31

| SHORT TITLE: TEODULFA LUIS v. LF STAFFING SERVICES, INC; et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☑ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: TEODULFA LUIS v. LF STAFFING SERVICES, INC; et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 814 Morena Boulevard |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| San Diego | CA | 92110 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central  –Hall of Justice_ District of the Superior Court of California, County of _San Diego_ [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: January 19, 2022

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

33

MAY 2 3 2022

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Jorge H. Reyes, Esq. | SBN: Bar No. 294206<br>Reyes & Associates, a PLC<br>3219 East Foothill Blvd.  Pasadena, CA 91107<br><br>TELEPHONE NO.: (213) 383-6244 | FAX NO. (213) 383-6243 | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**06/07/2022** at 03:18:00 PM<br><br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

| |
|---|
| **SAN DIEGO COUNTY SUPERIOR COURT**<br>STREET ADDRESS: 330 W. BROADWAY<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN DIEGO, CA 92101-3409<br>BRANCH NAME: CENTRAL DIVISION |

| | |
|---|---|
| PLAINTIFF:  Teodulfa Luis, etc.<br><br>DEFENDANT:  LF Staffing Services, etc., et al | CASE NUMBER:<br>37-2022-0000-2284-CU-OE-CTL |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Teodulfa Luis |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    a. ☑ Summons

    b. ☑ Complaint

    c. ☑ Alternative Dispute Resolution (ADR) package

    d. ☐ Civil Case Cover Sheet *(served in complex cases only)*

    e. ☐ Cross-complaint

    f. ☑ other *(specify documents):* **Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil)**

3. a. Party served *(specify name of party as shown on documents served):*
    **LF STAFFING SERVICES, INC., a Florida corporation doing business in California**

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    **HEATHER BANAS (CORPORATE CREATIONS NETWORK INC.) - AGENT FOR SERVICE OF PROCESS**

4. Address where the party was served: **1505 CORPORATION 1084**
    **4640 Admiralty Way, 5th floor**
    **Marina del Rey, CA 90292**

5. I served the party *(check proper box)*

    a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date): 5/23/2022*   (2) at *(time):* **9:40 AM**

    b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*         **or** ☐ a declaration of mailing is attached.

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/797897A** |

35

| | |
|---|---|
| PETITIONER: Teodulfa Luis, etc. | CASE NUMBER:<br>37-2022-0000-2284-CU-OE-CTL |
| RESPONDENT: LF Staffing Services, etc., et al | |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **LF STAFFING SERVICES, INC., a Florida corporation doing business in California**

    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                    ☐ other:

7. **Person who served papers**

  a. Name: **John J. Gonzalez - All-N-One Legal Support, Inc.**

  b. Address: **1541 Wilshire Blvd, Suite 405  Los Angeles, CA 90017**

  c. Telephone number: **(213) 202-3990**

  d. **The fee** for service was: **$ 91.00**

  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner    ☐ employee    ☑ independent contractor.
      (ii) Registration No.: **2971**
      (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **5/27/2022**

**All-N-One Legal Support, Inc.**
**1541 Wilshire Blvd, Suite 405**
**Los Angeles, CA 90017**
**(213) 202-3990**
**www.allnonelegal.com**

        **John J. Gonzalez**                            ▶
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (SIGNATURE)

POS-010 [Rev January 1, 2007]         **PROOF OF SERVICE OF SUMMONS**         Page 2 of 2
                                                               **POS-010/797897A**

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*

Jorge H. Reyes, Esq. | SBN: Bar No. 294206
Reyes & Associates, a PLC
3219 East Foothill Blvd.   Pasadena, CA 91107

TELEPHONE NO.: (213) 383-6244 | FAX NO. (213) 383-6243 | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff:

**SAN DIEGO COUNTY SUPERIOR COURT**

STREET ADDRESS: 330 W. BROADWAY

MAILING ADDRESS:

CITY AND ZIP CODE: SAN DIEGO, CA 92101-3409

BRANCH NAME: CENTRAL DIVISION

| |
|---|
| FOR COURT USE ONLY |
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**06/07/2022** at 03:18:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

PLAINTIFF:  Teodulfa Luis, etc.

DEFENDANT:  LF Staffing Services, etc., et al

CASE NUMBER:

37-2022-0000-2284-CU-OE-CTL

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Teodulfa Luis |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents)*: **Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil)**

3. a. Party served *(specify name of party as shown on documents served)*:

   **LABOR FINDERS INTERNATIONAL, INC., an entity of unknown form, doing business in California**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **HEATHER BANAS (CORPORATE CREATIONS NETWORK INC.) - AGENT FOR SERVICE OF PROCESS**

4. Address where the party was served:  **1505 CORPORATION 1084**
   **4640 Admiralty Way, 5th floor**
   **Marina del Rey, CA 90292**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **5/23/2022**    (2) at *(time)*: **9:40 AM**

   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*:    **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/797897B

| | |
|---|---|
| PETITIONER:  Teodulfa Luis, etc. | CASE NUMBER:<br>37-2022-0000-2284-CU-OE-CTL |
| RESPONDENT:  LF Staffing Services, etc., et al | |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **LABOR FINDERS INTERNATIONAL, INC., an entity of unknown form, doing business in California**

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

    a. Name: **John J. Gonzalez - All-N-One Legal Support, Inc.**

    b. Address: **1541 Wilshire Blvd, Suite 405  Los Angeles, CA 90017**

    c. Telephone number: **(213) 202-3990**

    d. **The fee** for service was: **$ 45.50**

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server:

            (i) ☐ owner    ☐ employee    ☑ independent contractor.

            (ii) Registration No.: **2971**

            (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **5/27/2022**

**All-N-One Legal Support, Inc.**
**1541 Wilshire Blvd, Suite 405**
**Los Angeles, CA 90017**
**(213) 202-3990**
**www.allnonelegal.com**

| | |
|---|---|
| **John J. Gonzalez**<br>(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | ▶ _____<br>(SIGNATURE) |

# EXHIBIT  C

STACEY E. JAMES, Bar No. 185651
sjames@littler.com
BRITTANY L. MCCARTHY, Bar No. 285947
blmccarthy@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendants
LF STAFFING SERVICES, INC. AND LABOR
FINDERS INTERNATIONAL, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| TEODULFA LUIS,<br><br>Plaintiff,<br><br>v.<br><br>LF STAFFING SERVICES, INC. a Florida corporation doing business in California; LABOR FINDERS INTERNATIONAL, INC., an entity of unknown form doing business in California; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 37-2022-00002284-CU-OE-CTL<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE RONALD F. FRAZIER / DEPT. 65<br><br>**DEFENDANTS LF STAFFING SERVICES, INC. AND LABOR FINDERS INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Trial Date: Not Set<br>Complaint Filed: January 19, 2022 |

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

1

LF STAFFING SERVICES, INC. and LABOR FINDERS INTERNATIONAL, INC. ("Defendants") hereby answer the Complaint ("Complaint") filed by Plaintiff TEODULFA LUIS ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d), Defendants deny generally and specifically each and every allegation contained in the Complaint. In addition, Defendants deny that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendants. Defendants further assert the following separate and distinct defenses:

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and affirmative and other defenses Defendants allege the following defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. As a separate and distinct affirmative defense, Defendants assert that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2. As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the equitable doctrine of waiver.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.     As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the equitable doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.     As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6.     As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the equitable doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

7.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred, in whole or in part, by the applicable

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

3

statutes of limitation including, without limitation, those set forth in Government Code sections 12960(e) and 12965(b), and California Code of Civil Procedure sections 335.1, 337, 338(a), 339, 340, and 343.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

8.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and/or the Equal Employment Opportunity Commission ("EEOC").

### NINTH AFFIRMATIVE DEFENSE

### (Claims Exceed Scope of Administrative Charges)

9.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred, in whole or in part, because, assuming *arguendo* that Plaintiff did attempt to exhaust her administrative remedies with the California DFEH and/or the EEOC, the causes of action asserted in the Complaint exceed the scope of any potential Charges filed with the DFEH and/or EEOC.

### TENTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

10.      As a separate and affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred, in whole or in part, because Defendants' conduct (and the conduct of any of their officers, managers or employees while acting in the course and scope of their employment) is protected by the managerial privilege in that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Unlawful Policy)

11.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom, practice and/or

procedure promulgated and/or tolerated by Defendants, or any of them.

## TWELFTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons for Decisions)

12. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, because the decisions about which Plaintiff complains were based upon legitimate, non-discriminatory and non-retaliatory business reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Business Necessity)

13. As a separate and distinct affirmative defense, Defendants allege, without admitting that Defendants engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that any such acts or omissions were undertaken for business necessity and/or for lawful business reasons.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Defendant Acted in Good Faith and with Good Cause)

14. As a separate and distinct affirmative defense, Defendants allege, without admitting that Defendants engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that the Complaint and each cause of action set forth therein cannot be maintained because good cause existed for each and every action taken by Defendants, and each of them, with respect to Plaintiff and Defendants, and each of them, acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendants at the time any of them acted.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Same Decision)

15. As a separate and distinct affirmative defense, Defendants allege, without admitting that Defendants engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that even if Plaintiff could establish that any of the allegations set forth in her Complaint were motivated by a discriminatory or retaliatory motive, Defendants, and each of them, would have made the same decision and/or taken the same action even without such alleged discriminatory or retaliatory

motive into account.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

16.    As a separate and distinct affirmative defense, Defendants allege the Complaint and each cause of action set forth therein cannot be maintained against Defendants because, although Defendants, and each of them, deny having any discriminatory animus toward Plaintiff, to the extent that Plaintiff suffered an adverse employment action motivated in part by discrimination, all acts or omissions allegedly attributed to Defendants, or any of them, also were motivated by nondiscriminatory reasons and such nondiscriminatory reasons alone would have induced Defendants, and each of them, to make the same adverse employment decision(s).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

17.    As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's failure to exhaust appropriate internal remedies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

18.    As a separate and distinct affirmative defense, Defendants allege that, to the extent Defendants acquire any evidence of wrongdoing by Plaintiff during the course of this litigation that would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, and/or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages and shall reduce such claims as provided by law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Preemption)

19.    As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action alleged therein, seeking damages for emotional injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code § 132a and 3600, *et seq.*, in that: (1) the injuries complained of allegedly

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

6

occurred when both Plaintiff and Defendant were subject to California Labor Code §§ 3600 to 3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to her employment and was acting within the course and scope of her employment; (3) Plaintiff alleges that the injuries were caused by her employment; (4) Plaintiff's employment was covered by workers' compensation; and (5) Defendant paid the entire cost for that coverage. Accordingly, this Court lacks subject matter jurisdiction over said claims.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of Duties)

20.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action therein are barred, in whole or in part, by Plaintiff's own breach of duties owed to Defendant, and each of them, under California Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (At-Will Employment)

21.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained because Plaintiff was an at-will employee at all times, with no entitlement to continued employment pursuant to Section 2922 of the California Labor Code.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Outside Course and Scope of Employment)

22.     As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action set forth therein, cannot be maintained because, to the extent that any employees of Defendant took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendant, or any of them, and/or no Defendant knew of nor should any Defendant have known of such conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reasonable Care To Prevent And Correct Discrimination)

23.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

7

Complaint, and each cause of action alleged therein, is barred, in whole or in part, because, at all relevant times, Defendants, and each of them, acted in good faith and exercised reasonable care to prevent and promptly correct any discriminatory, retaliatory or otherwise unlawful behavior, thereby satisfying any legal obligations Defendants had to Plaintiff, if any.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Discharge)

24.     As a separate and distinct affirmative defense, Defendants allege that to the extent Defendants, or any of them, owed any duties or obligations to Plaintiff, such duties or obligations have been fully performed, satisfied or discharged.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Not a Qualified Individual)

25.     As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiff's claims for disability discrimination, failure to prevent discrimination, and related claims, are barred, in whole or in part, to the extent she was not a qualified person with a disability as defined by relevant law, nor was she regarded as a qualified person with a disability.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Not the Employer)

26.     As a separate and distinct affirmative defense, Defendants allege Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, against Defendant Labor Finders International, Inc. as it is not Plaintiff's employer.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Inability to Perform Essential Functions of Job)

27.     As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiff's claims are barred, in whole or in part because to the extent that the Court may find that Plaintiff did have a disability that limited a major life activity and that Defendants, or any of them, had an obligation to reasonably accommodate such a disability, Plaintiff could not perform the

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

8

essential functions of her job, with or without reasonable accommodation.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

28.    As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred because, to the extent that the Court may find that Plaintiff does have a disability that limits a major life activity and that Defendants, or any of them, had an obligation to reasonably accommodate such a disability, any accommodation of Plaintiff's alleged disability would have imposed an undue hardship on Defendants, and each of them.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Health/Safety Defense)

29.    As a separate and affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein is barred in whole or in part because, to the extent that the Court may find that Plaintiff had a disability and that Defendants, or any of them, had an obligation to reasonably accommodate such a disability, Plaintiff, even with reasonable accommodation, was unable to perform the essential duties of Plaintiff's former position and/or to perform those duties in a manner that would not endanger Plaintiff's health or safety.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Exercise of Judgment)

30.    As a separate and distinct affirmative defense, Defendants allege that their conduct towards Plaintiff was fully justified based upon its judgment of differences in individual performance, qualifications, skill, effort, responsibility, merit or other *bona fide* occupational qualifications.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Protected Activity)

31.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's retaliation claim is barred because Plaintiff never engaged in protected activity.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

32.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of assumption of the risk.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No Violation of Public Policy)**

33.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred because no Defendant's conduct contravened any established public policy nor exceeded the inherent risks of employment.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Cognizable Damage or Harm)**

34.     As a separate and distinct defense, Defendants allege that Plaintiff's claim for wrongful termination in violation of public policy is barred in whole or in part because Plaintiff has not suffered any cognizable damage or other harm as a result of any alleged violation of public policy.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Full Performance)**

35.     As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action therein, cannot be maintained against Defendant because, without admitting the existence of any duties or obligations as alleged in the Complaint, Defendant has fully performed, satisfied or discharged any obligations which Plaintiff claims are owed by Defendant.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Offset)**

36.     As a separate and distinct affirmative defense, Defendants allege that if Plaintiff is judged to be entitled to any recovery, any award to Plaintiff must be offset by all sums received by Plaintiff from any source, including but not limited to, unemployment insurance, private insurance,

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

state disability insurance, Social Security disability payments, workers' compensation payments, and/or other monies and/or benefits Plaintiff has received or will receive.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Causal Connection)

37. As a separate and distinct affirmative defense, the Complaint and each cause of action set forth therein cannot be maintained against Defendants because Plaintiff has failed to allege the requisite causal connection between alleged protected activities and the alleged adverse employment action.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

38. As a separate and distinct affirmative defense, Defendants allege that Plaintiff is barred from obtaining any recovery by reason of her failure to mitigate her alleged damages, if any, or, alternatively, any damages or other relief awarded to Plaintiff must be reduced or limited to the extent of such failure to mitigate.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Misconduct of Other Parties)

39. As a separate and distinct affirmative defense, Defendants allege that if Plaintiff suffered any damages as alleged in her Complaint, such damages were proximately or legally caused by the breach of duties and/or misconduct of Plaintiff and/or parties other than Defendants, and, accordingly, any award of damages is several and must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiff, other parties and/or unauthorized individuals.

## FORTIETH AFFIRMATIVE DEFENSE

### (Alleged Emotional Distress Caused by Outside Factors)

40. As a separate and distinct affirmative defense, Defendants allege that if Plaintiff has suffered any emotional distress as alleged in her Complaint, such emotional distress was proximately caused by factors other than Plaintiff's employment, the actions of Defendant and/or anyone acting on Defendant's behalf.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

11

## FORTY-FIRST AFFIRMATIVE DEFENSE

**(Defendants' Conduct Not Extreme, Outrageous, or in Contravention of Public Policy)**

41. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's damages for emotional distress, if any, are barred in that conduct by Defendants was neither extreme nor outrageous nor did such conduct contravene any established public policy or exceed the inherent risks of employment.

## FORTY-SECOND AFFIRMATIVE DEFENSE

**(Emotional Distress Damages Unconstitutional)**

42. As a separate and distinct affirmative defense, Defendants allege that Plaintiff is not entitled to recover emotional distress damages because California's system of emotional distress damages is unconstitutional under *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), as well as the United States and California Constitutions.

## FORTY-THIRD AFFIRMATIVE DEFENSE

**(Alleged Emotional Distress a Violation of Due Process)**

43. As a separate and distinct affirmative defense, Plaintiff is not entitled to recover any emotional distress damages, because the provisions of California law allowing for the award of emotional distress damages and the substantive rules, procedures, and standards for determining whether or not to award them and, if so, in what amount, violate Defendant's due process rights under the United States and/or California Constitutions.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

**(Lack of Intent)**

44. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claim for emotional distress damages cannot be maintained, for if Plaintiff suffered emotional distress, it was not the intent of Defendants, nor any person acting on Defendants' behalf to inflict such emotional distress on Plaintiff.

///

///

///

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

45.    As a separate and distinct affirmative defense, Plaintiff's claims for damages are precluded to the extent that such damages are speculative.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages Barred)

46.    As a separate and distinct affirmative defense, Defendants allege that Defendants', and each of their, good faith efforts to prevent discrimination and any other unlawful acts bars any award for punitive damages or exemplary damages as set forth in *Kolstad v. Am. Dental Assn.*, 527 U.S. 526 (1999).

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Acts Committed Justifying Punitive Damages)

47.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff is not entitled to recover any punitive damages because Defendants, and each of them, committed no acts justifying an award of punitive damages.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

48.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendants to rights to be given to a defendant in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendants' rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

13

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (No Knowledge Justifying Punitive Damages)

49.    As a separate and distinct defense, Defendants allege that without admitting to any of the acts, conduct or statements attributed to them by Plaintiff's Complaint, Plaintiff's claims for punitive damages are barred because the acts, conduct or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendants, or any of them.

## FIFTIETH AFFIRMATIVE DEFENSE

### (No Entitlement to Prejudgment Interest)

50.    As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Bad Faith and/or Frivolous Claims)

51.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or her attorneys pursuant to California law including, but not limited to California Code of Civil Procedure section 128.5, California Government Code section 12965(b), and/or California Labor Code section 218.5.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Injury Resulted from Act or Omission of Others)

52.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint cannot be maintained against Defendants, or any of them, because any alleged losses or harms sustained by Plaintiff, resulted from causes other than any act or omission, if any, by Defendants, or any of them.

///

///

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

14

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (Arbitration – Subject Matter Jurisdiction/Federal Arbitration Act)

53.    As a separate and distinct affirmative defense, Defendants allege that this Court lacks subject matter jurisdiction over such claims as Plaintiff who is contractually obligated to submit these claims to binding arbitration. Defendants allege that the Complaint, and each purported cause of action alleged therein, is barred on the grounds that this Court lacks subject matter jurisdiction over the matter as Plaintiff is contractually obligated to submit Plaintiff's claims to binding arbitration pursuant to Federal Arbitration Act, 8 U.S.C. §§ 1, *et seq*.  Defendant does not waive its right to enforce the arbitration agreement with Plaintiff.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Contractual Obligation to Arbitrate)

54.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint, and each Cause of Action contained therein, are barred on grounds there exists a written agreement between Plaintiff and Defendants to submit any and all employment-related claims to final and binding arbitration, and that each and every Cause of Action alleged in the Complaint is subject to final and binding arbitration in accordance with the terms of said written agreement, which included a valid class action waiver provision. *See AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333 (2011).   The Arbitration Agreement "includes claims of discrimination…in the workplace, all common-law and statutory claims, including, but not limited to, claims for breach of contract and violation of laws prohibiting discrimination on the basis of … medical condition…and disability." Defendants do not waive their rights to enforce the signed arbitration agreements of Plaintiff.

## ADDITIONAL DEFENSES

Defendants, and each of them respectively, reserve the right to amend this Answer should it later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change the inclusion of new and/or additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment from this Court as follows:

1.    That Plaintiff take nothing by this action;

2.      That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendant on each of Plaintiff's causes of action;

3.      That Plaintiff be ordered to pay Defendants' costs and attorneys' fees, including, but not limited to, costs and attorneys' fees provided under California Labor Code section 218.5; and

4.      Such other and further relief as the Court deems appropriate and proper.


Dated: June 22, 2022

LITTLER MENDELSON, P.C.


_Brittany McCarthy_
_____
Stacey E. James
Brittany L. McCarthy

Attorneys for Defendants
LF STAFFING SERVICES, INC. AND LABOR FINDERS INTERNATIONAL, INC.

4877-5252-6885.1 / 066877-1010

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

16

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *OR COURT USE ONLY* |
|---|---|
| Stacey E. James, SBN 185651; Brittany L. McCarthy, SBN 285947 LITTLER MENDELSON, P.C. 501 W. Broadway, Suite 900 San Diego, CA 92101-3577 | |

TELEPHONE NO.: (619) 232-0441    FAX NO. *(Optional)*: (619) 232-4302
E-MAIL ADDRESS *(Optional)*: sjames@littler.com; Blmccarthy@littler.com
ATTORNEY FOR *(Name)*: Defendants LF STAFFING SERVICES, INC. and LABOR FINDERS INTERNATIONAL, INC.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: TEODULFA LUIS

DEFENDANT/RESPONDENT: LF STAFFING SERVICES, INC.

CASE NUMBER:
37-2022-00002284-CU-OE-CTL

JUDGE: Hon. Ronald F. Frazier

DEPT.: C-65

**PROOF OF SERVICE—CIVIL**

**Check method of service *(only one):***

☐ **By Personal Service**    ☒ **By Mail**    ☐ **By Overnight Delivery**
☐ **By Messenger Service**    ☐ **By Fax**    ☐ **By Electronic Service**

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA 92101-3577.

3. ☐ The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* June 22, 2022     I served the following **documents** *(specify):*

   **SEE ATTACHED POS-040(D)**

   ☒ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

   a. Name of person served:

   b. ☒ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
   Business or residential address where person was served:
   **SEE ATTACHED POS-040(P)**

   c. ☐ *(Complete if service was by fax or electronic service.)*
   (1) Fax number or electronic service address where person was served:

   (2) Time of service:

   ☒ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

**Page 1 of 4**

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a, 2015.5; Cal. Rules of Court, rules 2.260, 2.306
*www.courts.ca.gov*

56

American LegalNet, Inc.
www.FormsWorkFlow.com


POS-040

| CASE NAME | CASE NUMBER: |
|---|---|
| TEODULFA LUIS v. LF STAFFING SERVICES, INC., et al. | 37-2022-00002284-CU-OE-CTL |

6. b. ☒   **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* **San Diego, CA**

c. ☐   **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐   **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐   **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐   **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 22, 2022

Ann Posthill
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐   **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 2 of 4**

POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(D)

| SHORT TITLE: TEODULFA LUIS v. LF STAFFING SERVICES, INC., et al. | CASE NUMBER: 37-2022-00002284-CU-OE-CTL |
|---|---|

**ATTACHMENT TO PROOF OF SERVICE— CIVIL (DOCUMENTS SERVED)**
*(This Attachment is for use with form POS-040)*

The documents that were served are as follows *(describe each document specifically):*

**DEFENDANTS LF STAFFING SERVICES, INC. AND LABOR FINDERS INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Form Approved for Optional Use
Judicial Council of California
POS-040(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED**
(Proof of Service)

Page 3 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

**POS-040(P)**

| | |
|---|---|
| SHORT TITLE:<br>TEODULFA LUIS v. LF STAFFING SERVICES, INC., et al. | CASE NUMBER:<br>37-2022-00002284-CU-OE-CTL |

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served** | **Where Served** | **Time of Service** |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | *(Complete for service by fax transmission or electronic service.)* |
| Jorge H. Reyes, Esq.<br><u>Attorneys for Plaintiff</u><br>TEODULFA REYES | REYES & ASSOCIATES, P.C.<br>3219 E. Foothill Blvd.<br>Pasadena, CA  91101<br>Telephone:     213.383.6244<br>Facsimile:     213.383.6243<br>Email:   jhreyes@reyeslawpc.com | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

Form Approved for Optional Use<br>Judicial Council of California<br>POS-040(P) [Rev. July 1, 2011]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

*www.courts.ca.gov*

4872-4049-8981.1 / 066877-1010

59


**American LegalNet, Inc.**<br>www.FormsWorkFlow.com